UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DISIVION

| | | |
|---|---|---|
| IGNITE RESTAURANT GROUP, INC., et al., ) ) ) | ) | Case No. 17-33550(DRJ) |
| Debtors. ) | ) | (Jointly Administered) |
| ) ) | ) | Chapter 11 |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust, | ) ) ) | Adv. Proc. No. 19-03521 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRODUCE SERVICES OF LOS ANGELES, INC., | ) ) ) | |
| Produce Services. | ) ) ) | |

**PRODUCE SERVICES OF LOS ANGELES, INC.'S ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

NOW INTO COURT, through undersigned counsel, comes Produce Services of Los Angeles, Inc. ("Produce Services") and for its answer to the Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") filed by Drivetrain, LLC, as Trustee of the Ignite Restaurant Group GUC Trust ("Trustee"), represents as follows:

1.  The allegations contained in paragraph 1 of the Complaint are background facts regarding the bankruptcy of the debtors Ignite Restaurant Group, Inc., *et al.* (collectively, the "Debtors") and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2.  The allegations contained in paragraph 2 of the Complaint are legal conclusions and statements of opinion to which no responsive pleading is required. To the extent a response is required, the allegations contained in paragraph 2 are denied.

1

3. The allegations contained in paragraph 3 of the Complaint are background facts regarding the bankruptcy of the Debtors and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

4. The allegations contained in paragraph 4 of the Complaint are background facts regarding the bankruptcy of the Debtors and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions and statements of opinion to which no responsive pleading is required. To the extent a response is required, the allegations contained in paragraph 6 are denied.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions and statements of opinion to which no responsive pleading is required. To the extent a response is required, the allegations contained in paragraph 7 are denied.

8. The allegations contained in paragraph 8 of the Complaint are legal conclusions and statements of opinion to which no responsive pleading is required. To the extent a response is required, the allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions and statements of opinion to which no responsive pleading is required. To the extent a response is required, the allegations contained in paragraph 9 are denied.

10. The allegations contained in paragraph 10 of the Complaint are background facts regarding the bankruptcy of the Debtors and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

11. The allegations contained in paragraph 11 of the Complaint are background facts regarding the bankruptcy of the Debtors and are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

12. Produce Services admits it was a creditor of certain Debtors, namely, the chain of restaurants known as "Joe's Crab Shack," and provided food and produce to those certain

Debtors.  The remainder of the allegations in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein, notwithstanding Produce Services' reasonable investigation.  Produce Services demands strict proof thereof at the time of trial.

13.     The allegations contained in paragraph 13 do not require a response.  To the extent a response is required, the allegations contained in paragraph 13 are denied.

14.     Produce Services admits it was a creditor of certain Debtors, namely, the chain of restaurants known as "Joe's Crab Shack," and provided food and produce to those certain Debtors.  The remainder of the allegations in paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein, notwithstanding Produce Services' reasonable investigation.  Produce Services demands strict proof thereof at the time of trial.

15.     Produce Services admits it was a creditor of certain Debtors, namely, the chain of restaurants known as "Joe's Crab Shack," and provided food and produce to those certain Debtors.  The remainder of the allegations in paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein, notwithstanding Produce Services' reasonable investigation.  Produce Services demands strict proof thereof at the time of trial.

16.     The allegations contained in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations contained in paragraph 16 are denied and strict proof thereof is demanded at trial.

17.     The allegations contained in paragraph 17 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations contained in paragraph 17 are denied and strict proof thereof is demanded at trial.

18.     The allegations contained in paragraph 18 are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations contained in paragraph 18 are denied and strict proof thereof is demanded at trial.

19.     The allegations contained in paragraph 19 of the Complaint are conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is required, the allegations contained in paragraph 19 are denied and strict proof thereof is demanded at trial.

20. The allegations contained in paragraph 20 do not require a response. To the extent a response is required, the allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 21 are denied and strict proof thereof is demanded at trial.

22. The allegations contained in paragraph 22 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 22 are denied and strict proof thereof is demanded at trial.

23. The allegations contained in paragraph 23 of the Complaint are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 23 are denied and strict proof thereof is demanded at trial.

## **DEFENSES**

AND NOW, in further response to the Complaint, Produce Services asserts the following defenses:

## **FAILURE TO STATE A CLAIM**

24. Plaintiff has failed to state a claim upon which relief can be granted.

25. In order to establish an avoidable preference, Plaintiff must establish, *inter alia*, that (i) the challenged transfer was of an interest of the debtor in property and (ii) the creditor received more on account of the challenged transfer than it would have in a case under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 547 (b).

26. Plaintiff has failed to state a claim because the transfer in question was not of the Debtors' property and Produce Services did not receive more on account of the challenged transfer than it would have under Chapter 7 because Produce Services is protected by the Perishable Agricultural Commodities Act of 1930 ("PACA"). Pursuant to PACA, proceeds from the sale of any perishable agricultural commodity, as well as intermediate products and proceeds from their sale, shall be held in trust for the benefit of an unpaid supplier, such as Produce

Services.  7 U.S.C. § 499(e)(c)(2).  Under applicable law, Produce Services did not receive a transfer of property from any of the Debtors, but instead retained certain rights upon delivery of the covered commodities to the Debtors.  Moreover, Produce Services would have received precisely the same amount in a Chapter 7 case due to PACA.

### FIRST AFFIRMATIVE DEFENSE
### (Ordinary Course)

27. Any alleged transfer that Debtors made to Produce Services was for the payment of a debt that the Debtors incurred in the ordinary course of business or financial affairs between the Debtors and Produce Services, and any such alleged transfer was made and received in the ordinary course of such business or financial affairs or according to customary and usual business terms between the parties.

### SECOND AFFIRMATIVE DEFENSE
### (Subsequent New Value)

28. After any such alleged transfer was made, Produce Services gave Debtors new value to or for the benefit of Debtors in an amount equal to or greater than the amount of the alleged transfers, which was not secured and which on account of such new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Produce Services.

### THIRD AFFIRMATIVE DEFENSE
### (Not Subject to Recovery)

29. Because there are no avoidable transfers, Plaintiff is not entitled to recover any such alleged transfers.

### ADDITIONAL AFFIRMATIVE DEFENSES

30. Produce Services reserves its right to amend this Answer and/or allege additional affirmative defenses after conducting further discovery, investigation and research.

### PRAYER FOR RELIEF

WHEREFORE, Produce Services prays for relief as follows:

1. That the Court enter an Order dismissing the Complaint, with prejudice, or that judgment be entered in favor of Produce Services;
2. That the Plaintiff take nothing by way of the Complaint;
3. That Produce Services recover costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

DATED: August 8, 2019.

        Respectfully submitted,

        **LISKOW & LEWIS**

        */s/ Michael D. Rubenstein*
        Michael D. Rubenstein
        State Bar No. 24047514
        1001 Fannin Street, Suite 1800
        Houston, Texas 77002
        Telephone:   (713) 651-2953
        Facsimile:    (713) 651-2908

        **Attorneys for Defendant**
        **Produce Services of Los Angeles, Inc.**

**OF COUNSEL:**
Jessica Mickelsen Simon
Jennifer Witherell Crastz
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436
Telephone:   (818) 501-3800

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of *Produce Services of Los Angeles, Inc.'s Answer to Complaint to Avoid Preferential Transfers* was sent to all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 8th day of August, 2019.

_____

4964606v1